IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TONICA BOSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-3166 |
| | ) | |
| MEMORIAL MEDICAL CENTER, | ) | |
| a corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Memorial Medical Center's Motion to Dismiss Counts I, II, III, IV, VI, VIII, IX, X, and XI of Plaintiff's Amended Complaint (d/e 12). Count I alleges that Defendant violated the Americans with Disability Act (ADA) when it failed to reasonably accommodate Plaintiff's disability by not allowing her to return to her nursing job on December 7, 2004. Count II alleges that the Defendant violated the ADA when it perceived Plaintiff as disabled by failing to accommodate her perceived disabilities on December 7, 2004. Count III alleges that Defendant violated the ADA when it wrongfully

1

terminated Plaintiff's employment on December 7, 2004, due to her disability. Count IV asserts that Defendant violated the ADA when it terminated Plaintiff's employment on December 7, 2004, due to her perceived disability. Count VI alleges that Defendant violated Title VII of the Civil Rights Act of 1964 (Title VII) when it discriminated against Plaintiff on account of race by subjecting her to a racially hostile work environment. Count VIII alleges that Defendant violated the Family Medical Leave Act (FMLA) when it denied Plaintiff's requests for intermittent and consecutive leave and when it terminated her employment on June 9, 2005. Counts IX and X allege that Defendant violated the Illinois Worker's Compensation Act when it terminated Plaintiff's employment on December 7, 2004 and on June 9, 2005. Count XI alleges that Defendant violated Plaintiff's right to privacy when one of its supervisory employees disclosed Plaintiff's confidential medical information to other employees.

With respect to Plaintiff's claims relating to the ADA and Title VII violations in the Amended Complaint (namely, Counts I, II, III, IV, and VI), Defendant argues that the allegations in the Amended Complaint (d/e 8) exceed the scope of Plaintiff's Charge of Discrimination filed with the

Equal Employment Opportunity Commission (EEOC) and the Illinois Department of Human Rights (IDHR), and therefore Counts I, II, III, IV, and VI should be dismissed. In support of its argument, Defendant has submitted a copy of Plaintiff's EEOC/IDHR Charge of Discrimination and an affidavit of Michelle Frye, attesting that the document is an accurate copy of Plaintiff's EEOC/IDHR Charge of Discrimination. Plaintiff has filed a response to the Motion to Dismiss, accompanied by her own affidavit and a copy of her IDHR intake form dated June 14, 2005.

The Complaint specifically references Plaintiff's EEOC/IDHR Charge of Discrimination. See Amended Complaint, ¶ 4. "[I]f a document is specifically referenced by the complaint and central to the plaintiff's claim, we may consider that document as part of the pleadings if it is attached to a defendant's motion attacking the sufficiency of the complaint." Hirata Corp. v. J.B. Oxford and Co., 193 F.R.D. 589, 592 (S.D. Ind. 2000). Because Plaintiff's EEOC/IDHR Charge is referenced in the Complaint, is central to the Plaintiff's claim, and is attached to the Defendant's Motion to Dismiss, the Court will consider the document as part of the pleadings.

However, other documents submitted by the parties are matters outside the pleadings. By submitting such documents, the parties are

implicitly asking the Court to evaluate the Defendant's Motion to Dismiss as to the ADA and Title VII claims as a Motion for Partial Summary Judgment, pursuant to Fed R. Civ. P. 12(b).  See Fleischfresser v. Directors of School Dist. 200, 15 F.3d 680, 684 (7th Cir. 1994); Sickinger v. Mega Systems, Inc., 951 F.Supp. 153, 156 (N.D. Ind. 1996).  The Court accordingly treats Defendant's Motion to Dismiss as to Counts I, II, III, IV, and VI as a Motion for Partial Summary Judgment.

THEREFORE, pursuant to Fed. R. Civ. P. 12(b), the Court directs the parties to file all material pertinent to the Partial Summary Judgment Motion by April 30, 2007.  The Court reserves ruling on the pending Motion until the additional material is submitted.

IT IS THEREFORE SO ORDERED.

ENTER: April 4, 2007.

       FOR THE COURT:

                                                s/ Jeanne E. Scott
                                                JEANNE E. SCOTT
                                       UNITED STATES DISTRICT JUDGE